IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
EDWARD G. REYNOLDS, JR., : CASE NO. 1:04 CV 2562
 :
                      Plaintiff, :
 : OPINION AND ORDER DISMISSING §
       -vs- : 1983 CLAIMS AS AGAINST THE CITY
 : OF CLEVELAND AND JOHN DOE
CITY OF CLEVELAND, et al., : POLICE OFFICERS 1-10, DISMISSING
 : THE CLEVELAND BROWNS' MOTION
                  Defendants. : AS MOOT, AND REMANDING
 : PLAINTIFF'S STATE LAW CLAIMS
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      This matter is before the Court on defendant City of Cleveland's motion for summary judgment (Docket No. 26), and on a motion to dismiss and/or judgment on the pleadings (Docket No. 32) filed by defendants Cleveland Browns Football Company, LLC, Cleveland Browns Stadium Company, LLC, and Tenable Protective Services (collectively, "Cleveland Browns").

      Plaintiff Edward Reynolds filed a four-count complaint against the City of Cleveland, John Doe Cleveland Police Officers 1-10, the Cleveland Browns, and John Doe Security Workers 1-10. (Docket No. 1). The complaint asserts a § 1983 violation against the City and John Doe Police Officers 1-10, a state law claim of assault against John Doe Police Officer #1, a state law claim for infliction of emotional distress against all defendants, and a state law claim for negligence against the Cleveland Browns. Id. The plaintiff has not amended his complaint to add the actual parties for the John Doe

Police Officers 1-10 and John Doe Security Workers 1-10.

For the reasons set forth below, the § 1983 claims as against the City of Cleveland and John Doe Police Officers 1-10 will be dismissed as a matter of law. The state law claims shall be remanded to the Cuyahoga County Court of Common Pleas for further proceedings, and the Cleveland Browns' motion to dismiss is dismissed as moot.

## I.  BACKGROUND

In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The facts set forth below are drawn from the plaintiff's complaint and deposition testimony.

Edward Reynolds alleges that an off-duty Cleveland police officer ("John Doe") assaulted him while he attended a football game at Cleveland Browns Stadium on 23 November 2003. (Docket No. 1). Mr. Reynolds is a Cleveland Browns season-ticket holder and attended the game that day with seven guests.

Mr. Reynolds believes John Doe was an off-duty police officer with the City of Cleveland. John Doe was not in uniform at the football game, but he did identify himself to Mr. Reynolds as a Cleveland Police Officer during the course of a verbal argument, and Mr. Reynolds witnessed John Doe flash "a badge" to a stadium usher during the first or second quarter of the game. (Docket No. 26, Pl.'s Dep. at 13-14, 30). Although the plaintiff learned the assailant's name at a Settlement Conference held before United States Magistrate Judge William Baughman on 15 November 2005 (Id. at 45-46), this

2

individual has not been added as a party to the litigation.

John Doe watched the football game that day in the same section where Mr. Reynolds and his guests were seated, although he did not appear to have ticketed seats in that area, as he stood on or near the railing by Mr. Reynolds' seats. Id. at 13-14. John Doe engaged Mr. Reynolds' sister, niece, and the niece's friend in conversation and sat in their seats when they left to use the restroom, seek concessions, or visit other people in the stadium. Id. at 17, 20. Mr. Reynolds believed John Doe to be intoxicated, testifying that "[h]e was drinking heavily right in front of us, and he had a glazed look to some degree in his eyes." Id. at 16.

During the third quarter of the game, Mr. Reynolds' niece and her friend left their seats, and John Doe sat down in one of the vacated seats. Id. at 27. Upon their return, Mr. Reynolds tapped John Doe on the shoulder and asked him to move from the seat so that the niece and her friend could sit down. Id. at 27-29. John Doe did not get up, and the two men had a heated exchange of words during which John Doe asserted, "Well I'm a Cleveland Police Officer. Suck my dick ." Id. at 29. Mr. Reynolds stood to motion for help from an usher at which time he was attacked from behind by John Doe. Id. The plaintiff believes he was hit approximately 10-15 times, and states that he was unable to defend himself because he was pinned between two rows of seats. Id. at 38. John Doe was pulled off of Mr. Reynolds by nearby spectators. Id.

Cleveland police officers and stadium security arrived a short time thereafter and escorted Mr. Reynolds below the stadium to help him find medical attention. Id. at 39. Mr. Reynolds received help from an off-duty paramedic who advised him to go to the hospital. Id. Mr. Reynolds declined to go to the hospital, and instead went back to

his seat to watch the remainder of the game.[1]  Id. at 40.  After returning to his seat, Mr. Reynolds learned that the stadium security had moved John Doe to another section of the stadium.  Id. at 41-42.

The plaintiff filed his complaint in the Cuyahoga County Court of Common Pleas on 8 December 2004, and the defendants timely removed the case to this Court.  On 16 March 2006, defendant City of Cleveland filed a motion for summary judgment arguing that the plaintiff failed to "allege[ ] that the City has a custom, policy or practice that led to a constitutional violation," and that "[t]he City is immune from liability as to plaintiff's state-law claims."  (Docket No. 26 at 5, 6).  On 21 September 2005, defendant Cleveland Browns filed a motion to dismiss and/or judgment on the pleadings, asserting that the plaintiff failed to join a necessary and indispensable party by not identifying and adding the alleged assailant as a party to the action.  (Docket No. 32).  The plaintiff responded to both motions.  (Docket Nos. 28 and 33).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the evidence in the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex v. Catrett, 477 U.S. 317, 323 (1986); Betkerur v. Aultman Hosp. Ass'n., 78

---

[1] Mr. Reynolds was the designated driver for his seven guests and felt a responsibility to stay for the duration of the game and drive his guests to their homes in Canton, Ohio.  Id. at 48.

F.3d 1079, 1087 (6th Cir. 1996). The non-moving party must then "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (internal quotations and citations omitted).

As summary judgment is a mechanism to dispose of "factually unsupported claims or defenses," Celotex, 477 U.S. at 323-24, the rule is proper only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1480 (6th Cir. 1989).

### III. LAW AND ANALYSIS

"Section 1983 creates a federal cause of action against state or local officials who deprive a person of a federal right while acting under the color of state law." Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005.) Mr. Reynolds asserts in his complaint that defendants City of Cleveland and John Doe Police Officers 1-10 violated his clearly established constitutional rights in violation of 42 U.S.C. § 1983. (Docket No. 1). The City of Cleveland now urges this Court to dispose of the § 1983 claim asserted against it through summary judgment on the grounds that the plaintiff failed to set forth any facts of a custom, policy or practice.

**A. Section 1983 claim against the City of Cleveland**

To establish that the City of Cleveland is liable under § 1983 for the actions of one of its police officers, Mr. Reynolds must offer evidence of an action that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of

5

Soc. Servs., 436 U.S. 658, 690 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694).  In the alternative, Mr. Reynolds may point to "governmental custom even though such a custom has not received formal approval through the body's official decision making channels."  Id. at 691; Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005) (explaining the plaintiff can satisfy his burden by proving the existence of "a custom of tolerance or acquiescence of federal rights violations").  A local government entity can only be held liable where it can be said that the entity itself causes the harm.  Shamaeizadeh v. Cunigan, 338 F.3d 535, 556 (6th Cir. 2003).  Thus, "[r]espondent superior or vicarious liability will not attach under § 1983."   City of Canton v. Harris, 489 U.S. 378, 385 (1989).

The facts offered by Mr. Reynolds in his complaint, memorandum to the Court, and deposition testimony fail to allege or identify the existence of any City policy, practice, or custom with respect to the allegations pertaining to the conduct of its police officers.  Mr. Reynolds asserts that an individual identifying himself as a City of Cleveland police officer "beat [Mr. Reynolds] insensible," and that a different Cleveland police officer refused to take any official action against the assailant.  (Docket No. 28 at 5). Viewing the evidence in a light most favorable to the plaintiff, these facts do not support § 1983 violation because they fail to connect any custom, policy, or practice of the government entity to the alleged police officers' actions.  Furthermore, Mr. Reynolds fails to allege or offer evidence that the City itself customarily tolerates or acquiesces federal rights violations.  Accordingly, the City of Cleveland is entitled to judgment as a

6

matter of law with respect to Mr. Reynolds second cause of action alleging a § 1983 violation as against the City.

**B. Section 1983 claim against John Doe Police Officers 1-10**

In his complaint, Mr. Reynolds asserts that John Doe Police Officers 1-10 violated his clearly established constitutional rights in violation of § 1983. (Docket No. 1). The Court sua sponte will dismiss this § 1983 claim as against John Doe Police Officers 1-10. "A district court does not abuse its discretion in granting summary judgment sua sponte when the party adversely affected is put on notice to produce evidence establishing that a genuine issue of material fact exists." Brown v. Raymond Corp., 432 F.3d 640, 649 (6th Cir. 2005). As the Court has before it two dispositive motions, the plaintiff was sufficiently on notice to produce some evidence that, at the very least, gives rise to a genuine issue of material fact as to who the John Doe Police Officers are and whether they violated the plaintiff's constitutional rights.

"A § 1983 claim must present two elements: (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). In the present case, Mr. Reynolds failed to allege that a person acting under color of state law deprived him of his Constitutional rights. First and foremost, the plaintiff never identified or added the assailant, or any police officer for that matter, as a party to the action, even though he testified at his deposition that he learned of the assailant's identity at the settlement conference held before the Magistrate Judge.[2]

---

[2] If the plaintiff knows the identity of the assailant as he testified in his deposition (Docket No. 26, Pl.'s Dep. at 45-46), the statute of limitations to amend the complaint to

(Docket No. 26, Pl.'s Dep. at 45-46).

Second, even if the complaint had been timely amended to add the alleged assailant to the litigation, and assuming the alleged assailant was in fact a City of Cleveland police officer, the facts do not demonstrate that the assailant was acting under color of state law.  As the Supreme Court explains,

> It is clear that under 'color' of law means under 'pretense' of law.  Thus acts of officers in the ambit of their personal pursuits are plainly excluded.  Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.

Screws v. U.S., 325 U.S. 91, 111 (1945).  See Neuens v. City of Columbus, 303 F.3d 667, (6th Cir. 2002) (clarifying that the issue of whether a police officer is acting under color of law is a legal issue to be reached by the court).  Although John Doe at one point during the game displayed his badge and at another point disclosed his position as a City of Cleveland police officer, he was clearly not in the course of performing official duties.  John Doe was not in uniform, he was watching the game as a spectator with his personal friends, and he was consuming alcoholic beverages.  Based on the nature of

---

add this individual as a defendant expired on 23 November 2005.  The state statute of limitations governing actions for personal injuries applies to § 1983 claims.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Berndt v. State of Tenn.,796 F.2d 879, 883 (6th Cir. 1986).  In Ohio, the statute of limitations is two years from the date of accrual.  Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989); O.R.C. § 2305.10 (defining the date of accrual as the date the injury or loss to person occurred).  Because the alleged injury occurred on 23 November 2003, Mr. Reynolds is time barred from amending his complaint to add the Cleveland police officers as parties to the litigation.  See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that substituting a named defendant for a 'John Doe' defendant is considered an addition of a new party, not a substitution of parties, and that "new parties may not be added after the statute of limitations has run").

The Court notes that the settlement conference took place on 15 November 2005. (Docket No. 23).  The statute of limitations to amend the complaint by adding the alleged assailant's name expired eight days later.

John Doe's acts and the circumstances as described by Mr. Reynolds, the Court finds that John Doe was not acting under color of state law.

For these reasons, the Court will dismiss Mr. Reynolds' § 1983 claim as against John Doe Police Officers 1-10.

## IV.  CONCLUSION

The Court grants in part defendant City of Cleveland's motion for summary judgment by dismissing the plaintiff's § 1983 claim asserted against the City.  The Court further dismisses sua sponte the § 1983 claim asserted against John Doe Police Officers 1-10.

As this Court lacks jurisdiction to hear the remaining state law claims alleging assault, infliction of emotional distress, and negligence, these claims shall be remanded to Cuyahoga County Court of Common Pleas for further proceedings.

Finally, defendant Cleveland Browns' "Motion to Dismiss and or Judgment on the Pleadings for Failure to Join a Necessary And Indispensable Party" is dismissed as moot.

IT IS SO ORDERED.

      /s/ Lesley Wells
    UNITED STATES DISTRICT JUDGE

Dated: 7 November 2006